[No. 20320.    In Bank. — September 1, 1887.]

## THE PEOPLE, RESPONDENT, v. CHARLES GOSLAW, APPELLANT.

CRIMINAL LAW — MURDER — DEADLY INTENT — ASSAULT — EVIDENCE. — In a prosecution for murder, the evidence reviewed, and *held* sufficient to show that the assault made on the deceased by the defendant, and from the effects of which he died, was inflicted with deadly intent.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*J. H. Campbell*, for Appellant.

*Attorney-General Johnson*, for Respondent.

TEMPLE, J. — The defendant was convicted of the crime of murder in the first degree, and adjudged to suffer the death penalty.    The only point made is, that there was no evidence which could justify a verdict of murder in the first degree. · There can be no question as to the proof of malice.    There was not the slightest provocation, either by word or deed, and the killing was most cruel and brutal, showing plainly an abandoned and malignant heart.    The only contention open to the

defendant is, that he intended to inflict upon the deceased a cruel and unprovoked beating, but did not intend to take his life. On this appeal we can only examine the evidence to ascertain whether there was any testimony tending to show that the assault was with deadly intent.

We think there is an abundance of such proof. The deceased, Henry Grant, was a feeble old man, who had once been engaged with the defendant in the business of house-moving at Los Gatos. Grant had procured some tools from a contractor at San José, who had demanded their return. Defendant desired to get them from Grant, but was informed that the owner had sent for them. Defendant then went to San José and asked the owner to loan them to him, but was refused. At this he returned to Los Gatos, where, late in the evening, he was informed that deceased had sent the tools to the owner at San José. He became very angry, and started to hunt the deceased. He made inquiries at different places for him, and not finding him, started for Grant's house, which was one half mile distant. He was accompanied by his younger brother. Just as they reached the gate in front of Grant's house, defendant was heard to say: "I won't hurt him! Oh no! I'll not hurt him." The remark was understood, not as indicating a peaceful intent, but as an ebullition of rage. The defendant, who is a large, powerful man, then went into the house, and immediately heavy blows were heard. Defendant's brother rushed into the house and pulled defendant away from the insensible form of the deceased, who had received eight crushing blows upon the head, apparently made with some heavy, blunt instrument, although no weapon was found. Defendant afterwards admitted in reference to the assault: "He made no resistance; he had nothing in his hand; it was simply my damned temper that led me into it."

It is not true that there was no evidence of the use of

a weapon; on the contrary, the character of the wounds indicated that the injuries were not inflicted with the naked fist.  Here a feeble old man, assaulted by a young man powerful beyond the average of men, was killed by eight cruel blows upon his head, from which he never recovers consciousness.  And it appeared that any one of several of these blows would have been sufficient to produce death.  The old man had given no provocation in the first place; did not at the time say or do anything to excite the anger of the defendant, and made no resistance.  Under such circumstances, we cannot say there was no evidence to satisfy the jury that the defendant intended the natural and probable consequences of his acts.

The judgment is affirmed.

SEARLS, C. J., PATERSON, J., THORNTON, J., McFARLAND, J., McKINSTRY, J., and SHARPSTEIN, J., concurred.

Rehearing denied.